UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE ESTATE OF DEBRA
BRANTINGHAM,

Plaintiff,

v.

CASE NO. 8:25-cv-03134-SDM-LSG

ALLSTATE INSURANCE COMPANY,

Defendant,

___________________________________/

**ORDER**

Alleging breach of contract, the estate of Debra Brantingham sues (Doc. 1) Allstate Insurance Company, which moves (Doc. 10) to dismiss the complaint as time-barred. The plaintiff responds (Doc. 15) in opposition, and Allstate replies (Doc. 19).

On September 26, 2024, a flood damaged Brantingham's home. Allstate, a "Write-Your-Own" carrier participating in the National Flood Insurance Program, insured the home under a Standard Flood Insurance Policy (SFIP).

The parties dispute which letter constitutes the operative notice of disallowance: a letter (or perhaps two letters) (Docs. 7-1 and 10-1) apparently but not concededly mailed on November 11, 2024, or a letter (Doc. 15-1) concededly mailed on November 14, 2024. Begun on November 13, 2025, this action

is untimely by two days if measured from a notice mailed on November 11 but timely by a day if measured from the November 14 letter.

The plaintiff alleges a litany of errors, omissions, inconsistencies, ambiguities, irregularities, and misrepresentations contained in, connected with, and arising from the November 11 letter or letters, including:

> The plaintiff and the defendant each submit a document bearing the heading "Information as of November 11, 2024," but the documents contain numerous variations: (1) one document comprises two pages and the other three; (2) one document is addressed to the plaintiff and the other to the plaintiff's counsel; (3) one document identifies the "dedicated class claims team" as the "National Flood Resources Team" and the other as the "Allstate National Flood Team"; (4) each document lists a different customer-service number; (5) one bears the heading "copy of original letter" and the other does not; (6) one specifies the item denied coverage and the other does not; (7) one contains purportedly applicable provisions of the policy that the other omits; (8) one provides guidance for contacting FEMA and the other does not; (9) one warns against misrepresentation or misleading statements and the other does not; and (10) one cites a provision of the Florida Statutes and the other does not.
>
> Although each letter states "Information as of November 11, 2024," the plaintiff disputes that either letter was mailed or e-mailed on that day.
>
> The November 11 letter was e-mailed not to the plaintiff or to the plaintiff's counsel but to a non-lawyer employee of counsel's firm. (Curiously, the plaintiff omits the e-mail, the inclusion of which would clarify whether the letter was sent on November 11.)
>
> Both letters fail to comply with requirements of FEMA Bulletin W-17013a, including (1) "the item(s) denied with the corresponding dollar amount denied, whenever applicable"; (2) a plain-language explanation for the non-payment or non-coverage; and (3) citations to the relevant sections of the SFIP and a web link to the SFIP. One of the letters fails to comply with additional

> requirements of the bulletin, including "the loss location" and "the date(s) the policyholder submitted a request for payment."
>
> The Florida statute cited in one of the letters concerns not flood insurance but personal injury protection in an automobile accident.
>
> The link in one of the letters purporting to direct the recipient to FEMA's website is broken.
>
> During a November 3, 2025, telephone call with the plaintiff's counsel, a representative of Allstate stated that the November 14, 2024, letter constitutes the operative document for the one-year limitation, and after the call the representative sent to the plaintiff's counsel a copy of the November 14 letter so that Allstate could not later disclaim the letter.
>
> Apart from the November 3, 2025, telephone call and e-mail, on the at least three occasions on which the plaintiff's counsel inquired about the operative date, Allstate's representative either professed uncertainty or failed to respond.
>
> Between the November 3 communications and the motion to dismiss, which is predicated entirely on the statute of limitations, Allstate never represented to the plaintiff a belief that November 11 constitutes the operative date.

Because the timeliness of the action might depend on the resolution of several disputed facts, the motion (Doc. 10) to dismiss this action as time-barred is **DENIED**. Also, the defendant moves to "dismiss" both (1) the request for an attorney's fee included in the "WHEREFORE" or *ad damnum* clause of the plaintiff's complaint and (2) the plaintiff's demand for a jury trial (which Local Rule 1.09 requires to appear in the title of the complaint). Although the plaintiff fails to respond to either request for dismissal, each basis is

properly addressed by a motion to strike rather than a motion to dismiss. As to both (1) and (2), the motion is **DENIED**.

**ORDERED** in Tampa, Florida, on July 30, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE